Daniel M. Hutchinson (SBN 239458)
LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, CA  94111-3339
Telephone:  415.956.1000
Facsimile:  415.956.1008
dhutchinson@lchb.com

Rachel Geman (*pro hac vice motion forthcoming*)
Jessica Moldovan (*pro hac vice motion forthcoming*)
LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
250 Hudson Street, 8th Floor
New York, NY  10013-1413
Telephone:  212.355.9500
Facsimile:  212.355.9592
rgeman@lchb.com
jmoldovan@lchb.com

Charles J. Stiegler, (SBN 245973)
STIEGLER LAW FIRM LLC
318 Harrison Ave., Suite 104
New Orleans, LA 70124
Telephone:  504.267.0777
Facsimile:  504.513.3084
Charles@StieglerLawFirm.com

Robert B. Landry III (*pro hac vice motion forthcoming*)
ROBERT B. LANDRY III, PLC
5420 Corporate Boulevard, Suite 204
Baton Rouge, LA 70808
Telephone:  225.349.7460
Facsimile:  225.349.7466
rlandry@landryfirm.com

*Counsel for Plaintiff and the Proposed FLSA Collective*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ANTHONY P. FOREMAN, individually, and on behalf of all persons similarly situated.<br><br>　　　　　　Plaintiff,<br><br>　vs.<br><br>APPLE, INC.<br><br>　　　　　　Defendant. | Case No.  5:22-cv-03902<br><br>**COLLECTIVE ACTION COMPLAINT AND JURY TRIAL DEMAND** |

Plaintiff Anthony P. Foreman ("Foreman" or "Plaintiff"), individually and on behalf of all others similarly situated, brings this action against Apple, Inc. ("Apple" or "Defendant") and alleges as follows:

## INTRODUCTION

1. This is a collective action to recover overtime wages owed under federal law brought by Foreman, on behalf of all similarly situated former and current employees of Apple, who worked as a Solutions Consultant within the past three years (hereinafter referred to as "Plaintiffs" or the "FLSA Collective Plaintiffs").

2. For at least the past three years, Apple has failed to include all statutorily required forms of compensation—including commissions earned by Solutions Consultants—in determining the regular rate for purposes of calculating overtime pay.

3. In addition, Apple has failed to pay Solutions Consultants for all hours worked. Specifically, Apple has engaged in an unlawful pattern or practice of denying earned overtime to its Solutions Consultant by requiring them to begin their workday at home via online videoconferences, to clock out after these videoconferences were complete, and to then travel to their work site location, i.e., next job assignment, without being paid for their time in transit.

4. These practices violate the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, and its implementing regulations.

5. On behalf of himself and the FLSA Collective, Plaintiff seeks actual and liquidated damages, including but not limited to damages for willful violations of the FLSA, as well as fees and costs, for Apple's violations of the FLSA.

## JURISDICTION AND VENUE

6. The Court has jurisdiction over this case pursuant to 28 U.S.C. § 1331 (federal question), 28 U.S.C. § 1337 (actions arising under Acts of Congress regulating commerce) and 29 U.S.C. § 216(b) (the FLSA).

7. The United States District Court for the Northern District of California has personal jurisdiction over Defendant because Defendant has its principal place of business in this District and does business in California and in this District.

8. Venue is proper in this Court because Defendant has its principal place of business in Santa Clara County and a substantial part of the events or omissions giving rise to the claims asserted herein occurred in this judicial district. *See* 28 U.S.C. § 1391(b).

9. Plaintiff hereby demands trial by jury.

## PARTIES

10. Foreman is an individual of the full age of majority, domiciled in Livingston Parish, Louisiana. He began working for Defendant in 2014 and resigned his employment in February 2022.

11. Foreman's consent to file this Complaint is evidenced by his signature on the FLSA Consent Form attached as an exhibit hereto.

12. Named a defendant herein is Apple, a California corporation with its principal place of business in Cupertino, California. Based on information and belief, Defendant employs Solutions Consultants throughout the United States.

## FACTUAL ALLEGATIONS

*Background*

13. Foreman worked for Apple as a "Solutions Consultant" in Baton Rouge, Louisiana. Solutions Consultants promote the sales of Apple solutions and products in the Apple section of retail store locations. During the times relevant to this lawsuit, Foreman's work location was in a Best Buy retail store in Baton Rouge, where he worked as a liaison between Apple and Best Buy (or Best Buy customers).

14. At all material times, Foreman and the other FLSA Collective Plaintiffs were "engaged in commerce" within the meaning of § 6 and § 7 of the FLSA, and subject to the individual coverage of the FLSA.

15. At all material times, the FLSA Collective Plaintiffs were the "employees" of Apple within the meaning of the FLSA.

16. At all material times, Defendant was and is an "enterprise engaged in commerce" within the meaning of the FLSA.

17. Defendant's annual sales made or business done was in excess of $500,000 during all years relevant to this action.

18. Foreman and the other FLSA Collective Plaintiffs were paid on an hourly basis.

19. Foreman and the other FLSA Collective Plaintiffs regularly work forty or more hours per week. However, they were not paid overtime for all hours worked over forty in a workweek and, when paid overtime, they were not paid at the correct rate.

*Overtime Violation – Regular Rate*

20. Defendant did not properly calculate Plaintiffs' regular rate for purposes of determining overtime pay for Solutions Consultants, thereby dramatically underpaying them for overtime worked.

21. Foreman and the FLSA Collective Plaintiffs were paid on an hourly basis.

22. Foreman and the FLSA Collective Plaintiffs were also separately paid commissions.

23. In calculating Foreman's and Plaintiffs' regular rate for purposes of determining overtime pay, however, Defendant did not incorporate commission payments. As a result, the overtime rate was only one and one-half times Plaintiffs' hourly rate—not the combination of Plaintiffs' hourly rate and commission payments. The overtime rate was therefore lower than it should have been.

*Overtime Violation – Travel Time*

24. Defendant also did not compensate Plaintiff and the other FLSA Collective Plaintiffs for time they spent in transit between mandatory work activities.

25. Two or three times a week, Plaintiff's manager scheduled a videoconference work meeting with Foreman and the other Solutions Consultants in his Region (the Region included parts of Texas, Louisiana, and stretched into Florida). These work meetings took place early in the morning, and the Solutions Consultants attended the meeting while at home.

26. These work meetings constituted an integral and indispensable part of Defendant's business, as the Solutions Consultants discussed new technologies and received mandatory instructions and required job information from their supervisors and the Regional Manager.

27. The time spent on these work meetings, at which attendance was mandatory, was more than *de minimis*.

28. Apple instructed Plaintiff (and all FLSA Collective Plaintiffs) to clock in for these meetings, which generally lasted about an hour. However, when the meeting ended, Apple instructed Plaintiff and the other FLSA Collective Plaintiffs to clock out before they immediately travelled on site to continue their workdays. Only upon arrival at their work sites were Plaintiff and the other FLSA Collective Plaintiffs told to clock back in.

29. This policy or practice was temporarily suspended during the coronavirus shutdown, due to work-from-home policies in effect at the time. However, in 2021, when the work-from-home policies ended, Defendant once again returned to the same practice of requiring Solutions Consultants to clock out after the videoconference work meetings and clock back in only upon arrival at their work sites, thereby not accounting for the time spent in transit.

## **COLLECTIVE ACTION ALLEGATIONS**

30. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

31. Foreman brings this case as a collective action under the FLSA to recover unpaid overtime compensation, liquidated damages, statutory penalties, attorney's fees and costs, and all other damages owed to him and all similarly situated employees of Defendant. The Collective is defined as:

> All hourly paid employees of Apple Inc., holding the job title of Solutions Consultant, who worked within the three years prior to the date of filing of this Complaint.

32. There are numerous members of the FLSA Collective who have been affected by Defendant's improper policies and practices as alleged herein.

33. The precise number of FLSA Collective Plaintiffs can be readily identified and located using Defendant's timesheets, payroll, and personnel records. Given the composition and size of the FLSA Collective Plaintiffs, potential opt-in class members may be informed of the pendency of this Collective Action by direct mail, text message, and email.

34. This action is properly maintained as a collective action because Foreman is similarly situated to the collective action members, who were subject to the same uniform overtime policies, payment practices, and operational procedures. Defendant's willful policy or practice of failing to pay employees proper wages and overtime compensation for all hours worked has affected Foreman and similarly situated employees in the same fashion.

35. Defendant applied these unlawful employment and payment policies in the same manner to all potential members of the FLSA Collective. Common issues of law and fact therefore predominate. Thus, liability and damages can be determined based on common and collective-wide evidence. Pursuing this matter as a collective action serves the most expeditious use of the Court's time and resources, as well as avoiding multiple actions on these issues with potential for differing or inconsistent judgments.

36. Plaintiff further requests that the Court authorize expedited notice to the FLSA Collective Plaintiffs to inform them of the pendency of this action and their right to "opt-in" to this lawsuit pursuant to 29 U.S.C. § 216(b), for the purpose of seeking unpaid overtime compensation and liquidated damages under the FLSA.

**COUNT ONE:**
**FAIR LABOR STANDARDS ACT – REGULAR RATE**

37. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

38. The FLSA requires that overtime premiums be paid at "a rate not less than one and one-half times the regular rate at which [the employee] is employed." 29 U.S.C. § 207(a).

39. "Regular rate" is defined as including "all remuneration paid to, or on behalf of, the employee," subject to eight discrete statutory exceptions. 29 U.S.C. § 207(e)(1) – (8). Commissions "are payments for hours worked and must be included in the regular rate." *See* 29 C.F.R. § 778.117.

40. Defendant calculates overtime for the FLSA Collective Plaintiffs based on their base hourly rate, without taking into account commissions and/or other compensation. Such commissions and/or other compensation are not included in the statutory exceptions set forth

1 | above, and Defendant's exclusion of those payments from the regular rate results in
2 | underpayment of overtime.

3 |   41. Defendant has failed to properly disclose or apprise the FLSA Collective Plaintiffs
4 | of their rights under the FLSA.

5 |   42. Due to the intentional, willful, and unlawful acts of Defendant, the FLSA
6 | Collective Plaintiffs suffered lost compensation for time worked over forty (40) hours per week,
7 | and hereby seek recovery of all such sums plus liquidated damages.

8 |   43. Plaintiffs are entitled to an award of reasonable attorney's fees and costs pursuant
9 | to 29 U.S.C. §216(b).

**COUNT TWO:**
**FAIR LABOR STANDARDS ACT – UNPAID OVERTIME**

44. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

45. The FLSA requires employers to pay employees who work over forty hours in a workweek overtime compensation "not less than one and one-half times the regular rate at which he is employed." 29 U.S.C. § 207(a)(1). "Where an employee is required to report at a meeting place to receive instructions or to perform other work there . . . , the travel from the designated place to the work place is part of the day's work, and must be counted as hours worked regardless of contract, custom, or practice."  29 C.F.R. § 785.38.

46. Defendant violated the FLSA by failing to pay Plaintiff and the FLSA Collective Plaintiffs the legally mandated hourly overtime premium for all hours worked over forty in a workweek.

47. Defendant's failure to pay federally-mandated overtime is the result of a deliberate scheme whereby Defendant sought to avoid or reduce paying overtime by requiring Plaintiff and the FLSA Collective Plaintiffs to clock out after completing their mandatory morning videoconference work meeting, drive to their work site, and then—and only then—clock back in.

48. Plaintiff and the FLSA Collective Plaintiffs were, and are, entitled to be paid at the statutory rate of one and one-half times Plaintiffs' regular rate of pay for those hours worked in excess of forty (40) hours for each workweek.

49. Defendant's actions were willful and/or showed reckless disregard for the provisions of the FLSA as evidenced by their failure to compensate the FLSA Collective Plaintiffs at the statutory rate of one and one-half times Plaintiffs' regular rate of pay for the hours worked in excess of forty (40) hours per workweek when Defendant knew, or should have known, such payment was due.

50. Defendant has failed to properly disclose or apprise the FLSA Collective Plaintiffs of their rights under the FLSA.

51. Due to the intentional, willful, and unlawful acts of Defendant, the FLSA Collective Plaintiffs suffered lost compensation for time worked over forty (40) hours per week, and hereby seek recovery of all such sums plus liquidated damages.

52. Plaintiffs are entitled to an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. §216(b).

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Anthony P. Foreman, on behalf of himself and the FLSA Collective Plaintiffs, respectfully prays for judgment against Defendant as follows:

    a. Certification as a collective action;

    b. Payment of unpaid overtime wages to Foreman and the FLSA Collective Action Plaintiffs;

    c. Liquidated damages to the fullest extent permitted under the law;

    d. Litigation costs, expenses, and attorney's fees to the fullest extent permitted under the law;

    e. In the event that Plaintiffs do not recover liquidated damages as allowed, then Plaintiffs demand an award of prejudgment interest as a lesser alternative to liquidated damages.

| | | |
|---|---|---|
| 1 | | |
| 2 | Dated: July 1, 2022 | Respectfully submitted, |
| 3 | | LIEFF CABRASER HEIMANN & BERNSTEIN, LLP |
| 4 | | |
| 5 | | By: *Daniel Hutch.* |
| 6 | | Daniel M. Hutchinson (SBN 239458)<br>LIEFF CABRASER HEIMANN & BERNSTEIN, LLP |
| 7 | | 275 Battery Street, 29th Floor<br>San Francisco, CA  94111-3339 |
| 8 | | Telephone:  415.956.1000<br>Facsimile:  415.956.1008 |
| 9 | | dhutchinson@lchb.com |
| 10 | | Rachel Geman (*pro hac vice motion forthcoming*) |
| 11 | | Jessica Moldovan (*pro hac vice motion forthcoming*)<br>LIEFF CABRASER HEIMANN & BERNSTEIN, LLP |
| 12 | | 250 Hudson Street, 8th Floor<br>New York, NY  10013-1413 |
| 13 | | Telephone:  212.355.9500<br>Facsimile:  212.355.9592 |
| 14 | | rgeman@lchb.com<br>jmoldovan@lchb.com |
| 15 | | |
| 16 | | Charles J. Stiegler (SBN 245973)<br>STIEGLER LAW FIRM LLC |
| 17 | | 318 Harrison Ave., Suite 104<br>New Orleans, LA 70124 |
| 18 | | Telephone:  504.267.0777<br>Facsimile:  504.513.3084 |
| 19 | | charles@stieglerlawfirm.com |
| 20 | | Robert B. Landry III (*pro hac vice motion forthcoming*) |
| 21 | | ROBERT B. LANDRY III, PLC<br>5420 Corporate Blvd., Suite 204 |
| 22 | | Baton Rouge, LA 70808<br>Telephone: 225.349.7460 |
| 23 | | Facsimile: 225.349.7466<br>rlandry@landryfirm.com |
| 24 | | *Counsel for Plaintiff and the Proposed FLSA Collective* |
| 25 | | |
| 26 | | |
| 27 | | |
| 28 | | |