Mia Farber (State Bar No. 131467)
mia.farber@jacksonlewis.com
Buck N. Haddix (State Bar No. 295334)
buck.haddix@jacksonlewis.com
JACKSON LEWIS P.C.
725 South Figueroa Street, Suite 2500
Los Angeles, CA 90017
Telephone: (213) 689-0404
Facsimile: (213) 689-0430

Scott P. Jang (State Bar No. 260191)
scott.jang@jacksonlewis.com
JACKSON LEWIS P.C.
50 California Street, 9th Floor
San Francisco, CA  94111
Telephone: (415) 394-9400
Facsimile: (415) 394-9401

Attorneys for Defendant
APPLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY P. FOREMAN, individually, and on behalf of all persons similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>APPLE, INC.,<br><br>Defendant. | Case No. 22-cv-03902 VKD<br><br>**DEFENDANT APPLE INC.'S ANSWER TO PLAINTIFF'S COMPLAINT**<br><br>Complaint Filed:   July 1, 2022<br>Trial Date:            None set |

1

Defendant Apple Inc. ("Apple") submits this Answer in response to Plaintiff Anthony Foreman's ("Plaintiff's") allegations set forth in the Complaint filed in the above-captioned case.

## AS TO "INTRODUCTION"

1.  Apple admits that Plaintiff worked as an Apple Solutions Consultant within three years of the date of filing of the Complaint in this action. To the extent the remaining allegations in Paragraph 1 of the Complaint constitute statements or conclusions of law, no response is required. Except as expressly admitted or otherwise stated, Apple denies the remaining allegations in Paragraph 1 of the Complaint.

2.  Apple denies the allegations in Paragraph 2 of the Complaint.

3.  Apple denies the allegations in Paragraph 3 of the Complaint.

4.  Apple states that, to the extent the allegations in Paragraph 4 of the Complaint constitute statements or conclusions of law, no response is required. Except as expressly admitted or otherwise stated, Apple denies the allegations in Paragraph 4 of the Complaint.

5.  Apple states that, to the extent the allegations in Paragraph 5 of the Complaint constitute statements or conclusions of law, no response is required. Except as expressly admitted or otherwise stated, Apple denies the allegations in Paragraph 5 of the Complaint.

## AS TO "JURISDICTION AND VENUE"

6.  Apple states that, to the extent the allegations in Paragraph 6 of the Complaint constitute statements or conclusions of law, no response is required. Except as expressly admitted or otherwise stated, Apple denies the allegations in Paragraph 6 of the Complaint.

7.  Apple admits that (1) its principal place of business is in the judicial district covered by the United States District Court, Northern District of California ("Northern District of California"); and (2) Apple does business in California and the judicial district covered by the Northern District of California. Except as expressly admitted or otherwise stated, Apple denies the remaining allegations in Paragraph 7 of the Complaint.

///

///

///

8. Apple states that, to the extent the allegations in Paragraph 8 of the Complaint constitute statements or conclusions of law, no response is required. Except as expressly admitted or otherwise stated, Apple denies the allegations in Paragraph 8 of the Complaint.

9. Apple states that, to the extent the allegations in Paragraph 9 of the Complaint constitute statements or conclusions of law, no response is required. Except as expressly admitted or otherwise stated, Apple denies the allegations in Paragraph 9 of the Complaint.

## AS TO "PARTIES"

10. Apple admits that (1) Plaintiff began working for Apple in December 2013; and (2) Plaintiff resigned from his employment with Apple in February 2022. Apple is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 10 and, on that basis, denies the remaining allegations in Paragraph 10.

11. Apple states that, to the extent the allegations in Paragraph 11 of the Complaint constitute statements or conclusions of law, no response is required. Except as expressly admitted or otherwise stated, Apple denies the allegations in Paragraph 11 of the Complaint.

12. Apple admits that (1) it is named as a defendant in this action; (2) Apple is a California corporation with its principal place of business in Cupertino, California; and (3) Apple employs Apple Solutions Consultants throughout the United States. Except as expressly admitted or otherwise stated, Apple denies the remaining allegations in Paragraph 12 of the Complaint.

## AS TO "FACTUAL ALLEGATIONS"

13. Apple admits that (1) Plaintiff worked for Apple as an Apple Solutions Consultant in Baton Rouge, Louisiana; (2) Apple Solution Consultants, among other things, promote the sales of Apple products and services in the Apple section of certain retail stores; (3) Plaintiff worked at a Best Buy retail store in Baton Rouge, Louisiana. Except as expressly admitted or otherwise stated, Apple denies the remaining allegations in Paragraph 13 of the Complaint.

14. Apple states that, to the extent the allegations in Paragraph 14 of the Complaint constitute statements or conclusions of law, no response is required. Except as expressly admitted or otherwise stated, Apple denies the allegations in Paragraph 14 of the Complaint.

///

15. Apple states that, to the extent the allegations in Paragraph 15 of the Complaint constitute statements or conclusions of law, no response is required. Except as expressly admitted or otherwise stated, Apple denies the allegations in Paragraph 15 of the Complaint.

16. Apple states that, to the extent the allegations in Paragraph 16 of the Complaint constitute statements or conclusions of law, no response is required. Except as expressly admitted or otherwise stated, Apple denies the allegations in Paragraph 16 of the Complaint.

17. Apple admits that its annual sales were in excess of $500,000 during all years relevant to this action. Except as expressly admitted or otherwise stated, Apple denies the allegations in Paragraph 17 of the Complaint.

18. Apple admits that Plaintiff was paid on an hourly basis when he worked as an Apple Solutions Consultant. Apple is without sufficient knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 18 of the Complaint and, on that basis, denies the remaining allegations in Paragraph 18 of the Complaint.

19. Apple states that, to the extent the allegations in Paragraph 19 of the Complaint constitute statements or conclusions of law, no response is required. Except as expressly admitted or otherwise stated, Apple denies the allegations in Paragraph 19 of the Complaint.

## AS TO "OVERTIME VIOALTION – REGULAR RATE"

20. Apple states that, to the extent the allegations in Paragraph 20 of the Complaint constitute statements or conclusions of law, no response is required. Except as expressly admitted or otherwise stated, Apple denies the allegations in Paragraph 20 of the Complaint.

21. Apple admits that Plaintiff was paid on an hourly basis when he worked as an Apple Solutions Consultant. Apple is without sufficient knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 21 of the Complaint and, on that basis, denies the remaining allegations in Paragraph 21 of the Complaint.

22. Apple admits that Plaintiff received commission when he worked as an Apple Solutions Consultant. Apple is without sufficient knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 22 of the Complaint and, on that basis, denies the remaining allegations in Paragraph 22 of the Complaint.

23. Apple denies the allegations in Paragraph 23 of the Complaint.

## AS TO "OVERTIME VIOLATIONS – TRAVEL TIME"

24. Apple denies the allegations in Paragraph 24 of the Complaint.

25. Apple admits that (1) there were occasions where Plaintiff's manager scheduled work meetings with Plaintiff and other Apple Solutions Consultants who reported to Plaintiff's manager, which may have occurred in the morning; (2) Plaintiff's manager's region included parts of Texas, Louisiana, and parts of Florida; and (3) Plaintiff and some Apple Solutions Consultants who reported to Plaintiff's manager chose to attend some of the meetings while at home.  Apple is without sufficient knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 25 of the Complaint and, on that basis, denies the remaining allegations in Paragraph 25 of the Complaint.

26. Apple states that, to the extent the allegations in Paragraph 26 of the Complaint constitute statements or conclusions of law, no response is required.  Except as expressly admitted or otherwise stated, Apple denies the allegations in Paragraph 26 of the Complaint.

27. Apple states that, to the extent the allegations in Paragraph 27 of the Complaint constitute statements or conclusions of law, no response is required.  Except as expressly admitted or otherwise stated, Apple denies the allegations in Paragraph 27 of the Complaint.

28. Apple admits that it instructed Apple Solution Consultants to clock in for work meetings.  Except as expressly admitted or otherwise stated, Apple denies the remaining allegations in Paragraph 28 of the Complaint.

29. Apple denies the allegations in Paragraph 29 of the Complaint.

## AS TO "COLLECTIVE ACTION ALLEGATIONS"

30. Apple realleges and incorporates by reference each and every preceding paragraph of this Answer as if set forth herein.

31. Apple states that, to the extent the allegations in Paragraph 31 of the Complaint constitute statements or conclusions of law, no response is required.  Except as expressly admitted or otherwise stated, Apple denies the allegations in Paragraph 31 of the Complaint.

///

32. Apple states that, to the extent the allegations in Paragraph 32 of the Complaint constitute statements or conclusions of law, no response is required. Except as expressly admitted or otherwise stated, Apple denies the allegations in Paragraph 32 of the Complaint.

33. Apple states that, to the extent the allegations in Paragraph 33 of the Complaint constitute statements or conclusions of law, no response is required. Except as expressly admitted or otherwise stated, Apple denies the allegations in Paragraph 33 of the Complaint.

34. Apple states that, to the extent the allegations in Paragraph 34 of the Complaint constitute statements or conclusions of law, no response is required. Except as expressly admitted or otherwise stated, Apple denies the allegations in Paragraph 34 of the Complaint.

35. Apple states that, to the extent the allegations in Paragraph 35 of the Complaint constitute statements or conclusions of law, no response is required. Except as expressly admitted or otherwise stated, Apple denies the allegations in Paragraph 35 of the Complaint.

36. Apple states that, to the extent the allegations in Paragraph 36 of the Complaint constitute statements or conclusions of law, no response is required. Except as expressly admitted or otherwise stated, Apple denies the allegations in Paragraph 36 of the Complaint.

**AS TO "COUNT ONE: FAIR LABOR STANDARDS ACT – REGULAR RATE"**

37. Apple realleges and incorporates by reference each and every preceding paragraph of this Answer as if set forth herein.

38. Apple states that, to the extent the allegations in Paragraph 38 of the Complaint constitute statements or conclusions of law, no response is required. Except as expressly admitted or otherwise stated, Apple denies the allegations in Paragraph 38 of the Complaint.

39. Apple states that, to the extent the allegations in Paragraph 39 of the Complaint constitute statements or conclusions of law, no response is required. Except as expressly admitted or otherwise stated, Apple denies the allegations in Paragraph 39 of the Complaint.

40. Apple states that, to the extent the allegations in Paragraph 40 of the Complaint constitute statements or conclusions of law, no response is required. Except as expressly admitted or otherwise stated, Apple denies the allegations in Paragraph 40 of the Complaint.

///

6

DEF. APPLE INC.'S ANSWER TO PL.'S COMPL.                                  Case No. 22-cv-03902-VKD

41. Apple states that, to the extent the allegations in Paragraph 41 of the Complaint constitute statements or conclusions of law, no response is required. Except as expressly admitted or otherwise stated, Apple denies the allegations in Paragraph 41 of the Complaint.

42. Apple states that, to the extent the allegations in Paragraph 42 of the Complaint constitute statements or conclusions of law, no response is required. Except as expressly admitted or otherwise stated, Apple denies the allegations in Paragraph 42 of the Complaint.

43. Apple states that, to the extent the allegations in Paragraph 43 of the Complaint constitute statements or conclusions of law, no response is required. Except as expressly admitted or otherwise stated, Apple denies the allegations in Paragraph 43 of the Complaint.

**AS TO "COUNT ONE: FAIR LABOR STANDARDS ACT – UNPAID OVERTIME"**

44. Apple realleges and incorporates by reference each and every preceding paragraph of this Answer as if set forth herein.

45. Apple states that, to the extent the allegations in Paragraph 45 of the Complaint constitute statements or conclusions of law, no response is required. Except as expressly admitted or otherwise stated, Apple denies the allegations in Paragraph 45 of the Complaint.

46. Apple states that, to the extent the allegations in Paragraph 46 of the Complaint constitute statements or conclusions of law, no response is required. Except as expressly admitted or otherwise stated, Apple denies the allegations in Paragraph 46 of the Complaint.

47. Apple states that, to the extent the allegations in Paragraph 47 of the Complaint constitute statements or conclusions of law, no response is required. Except as expressly admitted or otherwise stated, Apple denies the allegations in Paragraph 47 of the Complaint.

48. Apple states that, to the extent the allegations in Paragraph 48 of the Complaint constitute statements or conclusions of law, no response is required. Except as expressly admitted or otherwise stated, Apple denies the allegations in Paragraph 48 of the Complaint.

49. Apple states that, to the extent the allegations in Paragraph 49 of the Complaint constitute statements or conclusions of law, no response is required. Except as expressly admitted or otherwise stated, Apple denies the allegations in Paragraph 49 of the Complaint.

///

50. Apple states that, to the extent the allegations in Paragraph 50 of the Complaint constitute statements or conclusions of law, no response is required. Except as expressly admitted or otherwise stated, Apple denies the allegations in Paragraph 50 of the Complaint.

51. Apple states that, to the extent the allegations in Paragraph 51 of the Complaint constitute statements or conclusions of law, no response is required. Except as expressly admitted or otherwise stated, Apple denies the allegations in Paragraph 51 of the Complaint.

52. Apple states that, to the extent the allegations in Paragraph 52 of the Complaint constitute statements or conclusions of law, no response is required. Except as expressly admitted or otherwise stated, Apple denies the allegations in Paragraph 52 of the Complaint.

## AS TO "PRAYER FOR RELIEF"

53. Apple denies that Plaintiff and/or the putative collective is entitled to any of the relief that is identified or otherwise sought in the Complaint.

## AFFIRMATIVE DEFENSES

54. Without waiving or excusing the burden of proof of Plaintiff and/or the putative collective, or admitting that Apple has the burden of proof on any issue, Apple asserts the following defenses and affirmative defenses.

## FIRST DEFENSE

*(Failure to State a Claim)*

55. The Complaint fails to state facts sufficient to constitute a viable cause of action against Apple or any other individual or entity.

## SECOND DEFENSE

*(Statute of Limitations)*

56. The causes of action asserted in the Complaint are barred, in whole or in part, to the extent the cause of action falls outside the applicable statutes of limitation, including but not limited to 29 U.S.C. § 255.

///

///

///

**THIRD DEFENSE**

*(Arbitration)*

57.  The putative collective signed binding arbitration agreements with Apple that contractually require them to resolve the disputes and causes of action asserted in the Complaint in binding arbitration on an individual basis.

**FOURTH DEFENSE**

*(Good Faith)*

58.  The causes of action asserted in the Complaint are barred, in whole or in part, on the grounds that Apple acted in good faith and in conformity with, and in reliance upon, administrative regulations, orders, rulings guidelines, opinion letters, and enforcement policies, and had a reasonable belief that Apple complied fully with applicable law within the meaning of 29 U.S.C. §§ 259 and 260.  Apple's good faith defense to liquidated damages is specifically based upon Department of Labor regulations, opinions, and interpretations of the Fair Labor Standards Act, as well as applicable case law and advice of legal counsel.

**FIFTH DEFENSE**

*(No Willfulness or Intent)*

59.  The causes of action asserted in the Complaint are barred, in whole or in part, to the extent that Plaintiff and/or the putative collective cannot establish that any acts or admissions of Apple were willful.  Moreover, Plaintiff and/or the putative collective cannot show that Apple knowingly or intentionally failed to pay Plaintiff and/or the putative collective for all compensable time.

**SIXTH DEFENSE**

*(De Minimis)*

60.  Plaintiff and/or the putative collective cannot recover for *de minimis* time allegedly worked or *de minimis* damages allegedly suffered.

///

///

///

### SEVENTH DEFENSE

*(Equitable Doctrines)*

61.    The causes of action asserted in the Complaint are barred, in whole or in part, by the equitable doctrines of estoppel, waiver, laches, and/or unclean hands.

### EIGHTH DEFENSE

*(Offset)*

62.    If Apple is found to have failed to pay Plaintiff and/or the putative collective any amount due, which Apple denies, Apple is entitled to set off any overpayments or other sums owed by Plaintiff and/or the putative collective against any judgment, including but not limited to all such credits and offsets under 29 U.S.C. § 207(h).

### NINTH DEFENSE

*(Release)*

63.    The causes of action asserted in the Complaint are barred, in whole or in part, to the extent that Plaintiff and/or the putative collective have released Apple from the liability, damages, penalties, or relief sought in the Complaint.

### TENTH DEFENSE

*(Res Judicata)*

64.    The causes of action asserted in the Complaint are barred, in whole or in part, by the doctrines of res judicata, collateral estoppel, claim preclusion, and/or issue preclusion.

### ELEVENTH DEFENSE

*(No Collective Action)*

65.    Plaintiff and/or the putative collective cannot meet the requirements of 29 U.S.C. § 216(b) for collective certification and cannot maintain this action as a collective action.

### RESERVATION OF AFFIRMATIVE DEFENSES

66.    Because the Complaint's allegations are drafted in general and conclusory terms, Apple presently has insufficient knowledge or information on which to form a belief as to whether Apple may have additional, as yet unstated, affirmative defenses. Apple thus reserves

the right to assert additional affirmative defenses if discovery reveals that such additional affirmative defenses would be appropriate.

## **PRAYER**

WHEREFORE, Apple prays for judgment as follows:

1. That all relief requested in the Complaint be denied;
2. That Plaintiff and the putative collective take nothing by this action;
3. That Apple be awarded the costs of suit where authorized by law;
4. That Apple be awarded its attorneys' fees where authorized by law; and
5. That the Court award Apple any other relief as the Court deems proper.

Dated:  August 3, 2022                    JACKSON LEWIS P.C.


By:    */s/ Mia Farber*
       Mia Farber
       Scott P. Jang
       Buck N. Haddix
       Attorneys for Defendant
       APPLE INC.