1  Daniel M. Hutchinson (SBN 239458)
   LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
2  275 Battery Street, 29th Floor
   San Francisco, CA  94111-3339
3  Telephone:  415.956.1000
   Facsimile:  415.956.1008
4  dhutchinson@lchb.com

5  Rachel Geman (*pro hac vice*)
   Jessica Moldovan (*pro hac vice*)
6  LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
   250 Hudson Street, 8th Floor
7  New York, NY  10013-1413
   Telephone:  212.355.9500
8  Facsimile:  212.355.9592
   rgeman@lchb.com
9  jmoldovan@lchb.com

10 Charles J. Stiegler, (SBN 245973)
   STIEGLER LAW FIRM LLC
11 318 Harrison Ave., Suite 104
   New Orleans, LA 70124
12 Telephone:  504.267.0777
   Facsimile:  504.513.3084
13 Charles@StieglerLawFirm.com

14 Robert B. Landry III (*pro hac vice motion forthcoming*)
   ROBERT B. LANDRY III, PLC
15 5420 Corporate Boulevard, Suite 204
   Baton Rouge, LA 70808
16 Telephone:  225.349.7460
   Facsimile:  225.349.7466
17 rlandry@landryfirm.com

18 *Counsel for Plaintiffs and the Proposed FLSA Collective
   and Rule 23 Class*

19                UNITED STATES DISTRICT COURT

20               NORTHERN DISTRICT OF CALIFORNIA

21

22 ANTHONY P. FOREMAN, individually,        **Case No.  3:22-cv-03902**
   and on behalf of persons similarly situated.
23                                          **FIRST AMENDED CLASS, COLLECTIVE,
                     Plaintiffs,            AND REPRESENTATIVE ACTION
24       vs.                                COMPLAINT AND JURY TRIAL
                                            DEMAND**
25 APPLE, INC.

26                   Defendant.

27

28

1    Plaintiffs Anthony P. Foreman ("Foreman") and Connor Sleighter ("Sleighter) (together,

2    "Plaintiffs"), individually and on behalf of all others similarly situated, bring this action against

3    Apple, Inc. ("Apple" or "Defendant") and allege as follows:

4    **INTRODUCTION**

5    1.    This is a collective, class, and representative action to recover overtime wages

6    owed under federal and state law by Apple.  Plaintiffs and other similarly situated former and

7    current employees of Apple worked as Solutions Consultants.

8    2.    Apple has failed to include all statutorily required forms of compensation—

9    including commissions earned by Solutions Consultants—in determining the regular rate for

10   purposes of calculating overtime pay.

11   3.    In addition, Apple has failed to pay Solutions Consultants for all hours worked.

12   For example, Apple has engaged in an unlawful pattern or practice of denying earned overtime to

13   its Solutions Consultant by requiring them to begin their workday at home via online

14   videoconferences, to clock out after these videoconferences were complete, and to then travel to

15   their work site location, i.e., next job assignment, without being paid for their time in transit.

16   4.    These practices violate the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et*

17   *seq.,* and its implementing regulations.

18   5.    These practices also violate California's Labor Code, IWC Wage Orders, and

19   Unfair Competition Law.

20   6.    On behalf of themselves and all those similarly situated, Plaintiffs seek actual and

21   liquidated damages, including but not limited to damages for willful violations of the FLSA, as

22   well as fees and costs, for Apple's violations of the FLSA.

23   7.    In addition, Plaintiff Sleighter brings a proposed class action in California under

24   California's wage and hour laws, and a proposed representative action in California under

25   California's Private Attorneys General Act ("PAGA"), California Labor Code §§ 2698, *et seq.*

26   ("PAGA Group"), as otherwise tolled by equity, through the entry of judgment.

27

28

- 2 -    CLASS, COLLECTIVE, AND REPRESENTATIVE
ACTION COMPLAINT
AND JURY TRIAL DEMAND

8. "Class Members" are all hourly paid employees of Apple, holding the job title of Solutions Consultant in California at any time during the time period from four years prior to the filing of this action (the "California Class Period").

9. "FLSA Collective Members" are all hourly paid employees of Apple, holding the job title of Solutions Consultant anywhere in the United States at any time during the time period from three years prior to the filing of this action (the "FLSA Period").

10. Defendant has failed to pay Plaintiffs and the Class Members, the Collective Members, and the PAGA Group Members for all regular and overtime hours worked in violation of federal and state wage and hour laws, including failing to pay overtime wages under FLSA, 29 U.S.C. §§ 201, *et seq.* and the FLSA's implementing regulations; failing to provide overtime wages in violation of California Labor Code §§ 510, 1194; failing to furnish accurate wage statements in violation of California Labor Code §§ 226, 226.3; failing to timely pay all wages earned in violation of California Labor Code §§ 204, 210; failure to pay all compensation due upon discharge or resignation in violation of California Labor Code §§ 201, 202; engaging in unfair business practices in violation of California Business & Professions Code §§ 17200, *et seq.*; and violating California's Private Attorneys General Act, California Labor Code §§ 2698, *et seq.*

11. These employees are similarly situated for the purposes of certification under the FLSA and Rule 23 of the Federal Rules of Civil Procedure.

12. On behalf of the Class, Collective, and PAGA Group Members, Plaintiffs seek damages, penalties, restitution, injunctive, and declaratory relief, as well as fees and costs, for Defendant's violations of the FLSA and California law.

**JURISDICTION AND VENUE**

13. The Court has jurisdiction over this case pursuant to 28 U.S.C. § 1331 (federal question), 28 U.S.C. § 1337 (actions arising under Acts of Congress regulating commerce), and 29 U.S.C. § 216(b) (the FLSA).

14. This Court also has jurisdiction over this action under the Class Action Fairness Act, 28 U.S.C. § 1332(d), because this is a class action in which: (1) there are 100 or more

CLASS, COLLECTIVE, AND REPRESENTATIVE
ACTION COMPLAINT
AND JURY TRIAL DEMAND

1 members in the proposed class; (2) at least some members of the proposed class have a different

2 citizenship from Defendant; and (3) the claims of the proposed class members exceed $5,000,000

3 in the aggregate.

4   15. In addition, this Court has supplemental jurisdiction under 28 U.S.C. § 1367 over

5 the California state law claims because those claims derive from a common nucleus of operative

6 facts.

7   16. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§

8 2201 and 2202.

9   17. The United States District Court for the Northern District of California has

10 personal jurisdiction over Defendant because Defendant has its principal place of business in this

11 District and does business in California and in this District.

12   18. Venue is proper in this Court because Defendant has its principal place of business

13 in Santa Clara County and a substantial part of the events or omissions giving rise to the claims

14 asserted herein occurred in this judicial district.  *See* 28 U.S.C. § 1391(b).

15   19. Plaintiffs hereby demand trial by jury.

16            **PARTIES**

17   20. Plaintiff Foreman is an individual of the full age of majority, domiciled in

18 Livingston Parish, Louisiana.  He began working for Defendant in 2014 and resigned his

19 employment in February 2022.

20   21. Foreman's consent to file this Complaint is evidenced by his signature on the

21 FLSA Consent Form attached hereto as **Exhibit A**.

22   22. Plaintiff Sleighter is an individual of the full age of majority, domiciled in Grand

23 Rapids, Michigan.  At all times relevant to this case, he was a resident of the State of California.

24 He began working for Defendant in 2016 and resigned his employment in 2021.

25   23. Sleighter's consent to file this Complaint is evidenced by his signature on the

26 FLSA Consent Form attached hereto as **Exhibit B.**

27

28

CLASS, COLLECTIVE, AND REPRESENTATIVE
ACTION COMPLAINT
AND JURY TRIAL DEMAND

1      24.     Named a defendant herein is Apple, a California corporation with its principal

2 place of business in Cupertino, California.  Based on information and belief, Defendant employs

3 Solutions Consultants throughout the United States.

**FACTUAL ALLEGATIONS**

4

5 *__Background__*

6      25.     Plaintiffs Foreman and Sleighter worked for Apple as "Solutions Consultants."

7 Solutions Consultants promote the sales of Apple solutions and products in the Apple section of

8 retail store locations.

9      26.     During the times relevant to this lawsuit, Foreman's work location was in a Best

10 Buy retail store in Baton Rouge, where he worked as a liaison between Apple and Best Buy (or

11 Best Buy customers).

12      27.     During the times relevant to this lawsuit, Sleighter worked on site in multiple

13 locations in California, including Best Buy, Verizon, AT&T, TMobile, and Sprint.

14      28.     At all material times, Foreman, Sleighter, and the other FLSA Collective Plaintiffs

15 were "engaged in commerce" within the meaning of § 6 and § 7 of the FLSA, and subject to the

16 individual coverage of the FLSA.

17      29.     At all material times, the FLSA Collective Plaintiffs were the "employees" of

18 Apple within the meaning of the FLSA.

19      30.     At all material times, Defendant was and is an "enterprise engaged in commerce"

20 within the meaning of the FLSA.

21      31.     Defendant's annual sales made or business done was in excess of $500,000 during

22 all years relevant to this action.

23      32.     Foreman, Sleighter, and the other FLSA Collective Plaintiffs were paid on an

24 hourly basis.

25      33.     Foreman, Sleighter, and the other FLSA Collective Plaintiffs regularly work forty

26 or more hours per week.  However, they were not paid overtime for all hours worked over forty in

27 a workweek and, when paid overtime, they were not paid at the correct rate.

28

CLASS, COLLECTIVE, AND REPRESENTATIVE
ACTION COMPLAINT
AND JURY TRIAL DEMAND

*Overtime Violation – Regular Rate*

34.     Defendant did not properly calculate Plaintiffs' regular rate for purposes of determining overtime pay for Solutions Consultants, thereby dramatically underpaying them for overtime worked.

35.     Foreman, Sleighter, and the FLSA Collective Plaintiffs were paid on an hourly basis.

36.     Foreman, Sleighter, and the FLSA Collective Plaintiffs were also separately paid commissions.

37.     In calculating Plaintiffs' regular rate for purposes of determining overtime pay, however, Defendant did not incorporate commission payments.  As a result, the overtime rate was only one and one-half times Plaintiffs' hourly rate—not the combination of Plaintiffs' hourly rate and commission payments.  The overtime rate was therefore lower than it should have been.

*Overtime Violation – Travel Time*

38.     Defendant also did not compensate Plaintiffs and the other FLSA Collective Plaintiffs for time they spent in transit between mandatory work activities.

39.     For example, two or three times a week, Plaintiff Foreman's manager scheduled a videoconference work meeting with Foreman and the other Solutions Consultants in his Region (the Region included parts of Texas, Louisiana, and stretched into Florida).  These work meetings took place early in the morning, and the Solutions Consultants attended the meeting while at home.

40.     These work meetings constituted an integral and indispensable part of Defendant's business, as the Solutions Consultants discussed new technologies and received mandatory instructions and required job information from their supervisors and the Regional Manager.

41.     The time spent on these work meetings, at which attendance was mandatory, was more than *de minimis*.

42.     Apple instructed Foreman (and all FLSA Collective Plaintiffs) to clock in for these meetings, which generally lasted about an hour.  However, when the meeting ended, Apple instructed Foreman and other FLSA Collective Plaintiffs to clock out before they immediately

CLASS, COLLECTIVE, AND REPRESENTATIVE
ACTION COMPLAINT
AND JURY TRIAL DEMAND

1    travelled on site to continue their workdays.  Only upon arrival at their work sites were Foreman

2    and other FLSA Collective Plaintiffs told to clock back in.

3        43.    This policy or practice was temporarily suspended during the coronavirus

4    shutdown, due to work-from-home policies in effect at the time.  However, in 2021, when the

5    work-from-home policies ended, Defendant once again returned to the same practice of requiring

6    Solutions Consultants to clock out after the videoconference work meetings and clock back in

7    only upon arrival at their work sites, thereby not accounting for the time spent in transit.

8    ***Additional Wage and Hour Violations***

9        44.    In addition, Defendant did not provide Solutions Consultants with timely, accurate,

10   and itemized wage statements, including *inter alia*, failing to provide wage statements which set

11   forth their total hours actually worked, net wages actually earned, and overtime rates that

12   reflected commissions earned.  As a result, Solutions Consultants did not know the amount of

13   wages they were (and are) owed.

14       45.    Defendant also failed to pay Solutions Consultants all wages due and owing twice

15   during each calendar month on their regular paydays, in that Defendant did not pay for all

16   overtime hours they worked.

17                          **COLLECTIVE ACTION ALLEGATIONS**

18       46.    Plaintiffs re-allege and incorporate by reference all allegations in all preceding

19   paragraphs.

20       47.    Plaintiffs bring this case as a collective action under the FLSA to recover unpaid

21   overtime compensation, liquidated damages, statutory penalties, attorney's fees and costs, and all

22   other damages owed to him and all similarly situated employees of Defendant.  The Collective is

23   defined as:

24           All hourly paid employees of Apple Inc., holding the job title of
             Solutions Consultant, who worked within the three years prior to
25           July 1, 2022.

26       48.    There are numerous members of the FLSA Collective who have been affected by

27   Defendant's improper policies and practices as alleged herein.

28

CLASS, COLLECTIVE, AND REPRESENTATIVE
ACTION COMPLAINT
AND JURY TRIAL DEMAND

1      49.     The precise number of FLSA Collective Plaintiffs can be readily identified and

2   located using Defendant's timesheets, payroll, and personnel records.  Given the composition and

3   size of the FLSA Collective Plaintiffs, potential opt-in class members may be informed of the

4   pendency of this Collective Action by direct mail, text message, and email.

5      50.     This action is properly maintained as a collective action because Plaintiffs are

6   similarly situated to the collective action members, who were subject to the same uniform

7   overtime policies, payment practices, and operational procedures.  Defendant's willful policy or

8   practice of failing to pay employees proper wages and overtime compensation for all hours

9   worked has affected Plaintiffs and similarly situated employees in the same fashion.

10      51.     Defendant applied these unlawful employment and payment policies in the same

11   manner to all potential members of the FLSA Collective.  Common issues of law and fact

12   therefore predominate.  Thus, liability and damages can be determined based on common and

13   collective-wide evidence.  Pursuing this matter as a collective action serves the most expeditious

14   use of the Court's time and resources, as well as avoiding multiple actions on these issues with

15   potential for differing or inconsistent judgments.

16      52.     Plaintiffs further request that the Court authorize expedited notice to the FLSA

17   Collective Plaintiffs to inform them of the pendency of this action and their right to "opt-in" to

18   this lawsuit pursuant to 29 U.S.C. § 216(b), for the purpose of seeking unpaid overtime

19   compensation and liquidated damages under the FLSA.

20                      **CALIFORNIA CLASS ACTION ALLEGATIONS**

21      53.     Plaintiff Sleighter ("Plaintiff" for purposes of this section) brings the Third

22   through Eighth Causes of Action for violations of California's wage and hour and unfair

23   competition laws as a class action pursuant to Federal Rule of Civil Procedure 23, on behalf of

24   himself and similarly situated employees.

25      54.     Excluded from the Class are Defendant's legal representatives, officers, directors,

26   assigns, and successors, or any individual who has, or who at any time during the class period has

27   had, a controlling interest in Defendant; the Judge(s) to whom this case is assigned and any

28

- 8 -                                    CLASS, COLLECTIVE, AND REPRESENTATIVE
                                                              ACTION COMPLAINT
                                                           AND JURY TRIAL DEMAND

1    members of the Judge's immediate family; and all persons who will submit timely and otherwise

2    proper requests for exclusion from the Class.

3         55.     Plaintiff, on behalf of himself and the Class, alleges and incorporates by reference

4    the allegations in the preceding paragraphs, which demonstrate that class treatment is warranted

5    under Federal Rule of Civil Procedure 23.

6         56.     The California Class is defined as:

7              All hourly paid employees of Apple, holding the job title of Solutions
               Consultant in California at any time during the time period from four
8              years prior to the filing of this action.

9         57.     Numerosity: The Class is sufficiently numerous that joinder of all members is

10   impracticable.  The exact numbers of such persons are not known to the Plaintiff because the facts

11   on which the calculation of that number can be based are presently within the sole control of

12   Defendant.  Upon information and belief, there are over 100 people in the Class.

13   These people are readily ascertainable. The entire membership of the Class is unknown to

14   Plaintiff at this time; however, the identity of such membership is readily ascertainable via

15   Defendant's employment records reflecting the job titles of each such individual.

16        58.     Typicality:  The claims of Plaintiff are typical of the claims of the members of the

17   Class.  Plaintiff, like other members of the Class, was subjected to Defendant's uniform policies

18   and practices that violated California law as described in this Class, Collective, and

19   Representative Action Complaint.  The unpaid travel time expected of Plaintiff giving rise to the

20   claims asserted in this Class, Collective, and Representative Action Complaint was typical of that

21   of the members of the Class.

22        59.     Adequacy: Plaintiff can and will fairly and adequately represent the interests of the

23   Class, and he has no interests that conflict with or are antagonistic to the interests of the Class.

24   Plaintiff suffered actual harm and damages as a result of Defendant's systematic and uniform

25   violations of the California wage and hour laws as set forth in this Class, Collective, and

26   Representative Action Complaint. Plaintiff has retained attorneys who are highly skilled,

27   competent, and experienced in complex and class action litigation, and who will vigorously assert

28

                                          CLASS, COLLECTIVE, AND REPRESENTATIVE
                                                    ACTION COMPLAINT
                                                   AND JURY TRIAL DEMAND

1    the claims on behalf of the members of the Class.  Plaintiff is willing and able to prosecute

2    vigorously this action on behalf of the Class.

3            60.    Predominance: There are common questions of law or fact affecting the rights of

4    the members of the Class, including but not necessarily limited to, whether Defendant failed to

5    provide the Class with overtime wages for all overtime hours worked; whether Defendant failed

6    to provide the Class with accurate wage statements; whether Defendant failed to pay timely

7    wages; and, whether Defendant engaged in unfair and/or unlawful business practices. These

8    common questions predominate over questions affecting only individual members.

9            61.    Superiority: Certification of the Class would provide substantial benefits to the

10   Court and Class Members. Individual members of the Class suffered relatively small damages

11   compared to the significant expense and burden of individual prosecution of this litigation.  In

12   addition, class certification will obviate the need for unduly duplicative litigation, which might

13   result in inconsistent judgments about Defendant's uniform policies and practices.

14           62.    Existence and Predominance of Common Questions of Fact and Law:  There are

15   common questions of law and fact as to the members of the Class, which predominate over

16   questions affecting only individual members of the Class including, without limitation:

17           a.     Whether Defendant failed to properly pay for all hours worked, including

18   overtime hours;

19           b.     Whether Defendant failed to keep true and accurate time and pay records

20   for all hours worked by the Class, and other records required by the California Labor Code;

21           c.     Whether Defendant failed to pay compensation promptly upon discharge or

22   resignation as required by the California Labor Code;

23           d.     Whether Defendant engaged in unlawful, unfair, and/or deceptive business

24   practices in violation of California Business & Professions Code §§ 17200, *et seq.*;

25           e.     Whether Defendant engaged in the relevant policies, procedures, or

26   practices alleged herein with oppression, fraud, or malice within the meaning of California Civil

27   Code § 3288; and

28

CLASS, COLLECTIVE, AND REPRESENTATIVE
ACTION COMPLAINT
AND JURY TRIAL DEMAND

1    f.    The nature and extent of class-wide injury and the measure of damages for

2    those injuries.

3    63.    Manageability of Class and Common Modes of Proof:  The nature of this action

4    makes use of the class action format, a particularly efficient and appropriate procedure, to afford

5    relief to Plaintiff Sleighter and Class Members for the wrongs alleged herein.  Specifically,

6    Defendant maintains all records necessary to identify each and every member of the Class.  To

7    the extent Defendant maintains inadequate records, or has not retained records, Plaintiff Sleighter

8    proposes surveys, representative testimony of members of the Class, and record sampling done on

9    a statistically significant and randomized basis to prove each claim as hereinafter alleged.  Initial

10    investigation shows a clear and common pattern and practice of failing to provide overtime

11    wages, failing to provide accurate wage statements, and engaging in unfair competition, with the

12    intended effect of increasing the profitability of Defendant's business in California.  Further,

13    Defendant utilized these uniform practices and procedures to gain an unfair competitive

14    advantage over competitors, by essentially lowering their operating costs in comparison to

15    competitors that complied with labor laws.  Therefore, Plaintiff Sleighter brings this action for the

16    benefit of the public, for the benefit of the affected employees, and to promote the public policy

17    of the State of California to protect employee wages and to prevent unfair competition.

18    **FIRST CAUSE OF ACTION**
**Failure to Provide Overtime Wages – Regular Rate – Fair Labor Standards Act,**

19    **29 U.S.C. §§ 201,** ***et seq.*****;**
(On Behalf of Plaintiffs and the Collective)

20

21    64.    Plaintiffs re-allege and incorporate by reference all allegations in all preceding

22    paragraphs.

23    65.    The FLSA requires that overtime premiums be paid at "a rate not less than one and

24    one-half times the regular rate at which [the employee] is employed."  29 U.S.C. § 207(a).

25    66.    "Regular rate" is defined as including "all remuneration paid to, or on behalf of,

26    the employee," subject to eight discrete statutory exceptions.  29 U.S.C. § 207(e)(1) – (8).

27    Commissions "are payments for hours worked and must be included in the regular rate."  *See* 29

28    C.F.R. § 778.117.

CLASS, COLLECTIVE, AND REPRESENTATIVE
ACTION COMPLAINT
AND JURY TRIAL DEMAND

1   67. Defendant calculates overtime for the FLSA Collective Plaintiffs based on their

2 base hourly rate, without taking into account commissions and/or other compensation.  Such

3 commissions and/or other compensation are not included in the statutory exceptions set forth

4 above, and Defendant's exclusion of those payments from the regular rate results in

5 underpayment of overtime.

6   68. Defendant has failed to properly disclose or apprise the FLSA Collective Plaintiffs

7 of their rights under the FLSA.

8   69. Due to the intentional, willful, and unlawful acts of Defendant, the FLSA

9 Collective Plaintiffs suffered lost compensation for time worked over forty (40) hours per week,

10 and hereby seek recovery of all such sums plus liquidated damages.

11   70. Plaintiffs are entitled to an award of reasonable attorney's fees and costs pursuant

12 to 29 U.S.C. §216(b).

### SECOND CAUSE OF ACTION
**Failure to Provide Overtime Wages – Unpaid Travel Time – Fair Labor Standards Act**
**29 U.S.C. §§ 201, *et seq.*;**
(On Behalf of Plaintiffs and the Collective)

16   71. Plaintiffs re-allege and incorporate by reference all allegations in all preceding

17 paragraphs.

18   72. The FLSA requires employers to pay employees who work over forty hours in a

19 workweek overtime compensation "not less than one and one-half times the regular rate at which

20 he is employed." 29 U.S.C. § 207(a)(1).  "Where an employee is required to report at a meeting

21 place to receive instructions or to perform other work there . . . , the travel from the designated

22 place to the work place is part of the day's work, and must be counted as hours worked regardless

23 of contract, custom, or practice."  29 C.F.R. § 785.38.

24   73. Defendant violated the FLSA by failing to pay Plaintiffs and the FLSA Collective

25 Plaintiffs the legally mandated hourly overtime premium for all hours worked over forty in a

26 workweek.

27   74. Defendant's failure to pay federally-mandated overtime is the result of a deliberate

28 scheme whereby Defendant sought to avoid or reduce paying overtime.

CLASS, COLLECTIVE, AND REPRESENTATIVE
ACTION COMPLAINT
AND JURY TRIAL DEMAND

1      75.     Plaintiffs and the FLSA Collective Plaintiffs were, and are, entitled to be paid at

2   the statutory rate of one and one-half times Plaintiffs' regular rate of pay for those hours worked

3   in excess of forty (40) hours for each workweek.

4      76.     Defendant's actions were willful and/or showed reckless disregard for the

5   provisions of the FLSA as evidenced by their failure to compensate the FLSA Collective

6   Plaintiffs at the statutory rate of one and one-half times Plaintiffs' regular rate of pay for the hours

7   worked in excess of forty (40) hours per workweek when Defendant knew, or should have

8   known, such payment was due.

9      77.     Defendant has failed to properly disclose or apprise the FLSA Collective Plaintiffs

10   of their rights under the FLSA.

11      78.     Due to the intentional, willful, and unlawful acts of Defendant, the FLSA

12   Collective Plaintiffs suffered lost compensation for time worked over forty (40) hours per week,

13   and hereby seek recovery of all such sums plus liquidated damages.

14      79.     Plaintiffs are entitled to an award of reasonable attorney's fees and costs pursuant

15   to 29 U.S.C. §216(b).

16                          **THIRD CAUSE OF ACTION**
                            **Failure To Pay Overtime Wages**
17                          **Cal. Labor Code §§ 510, 1194**
                       (On Behalf of Plaintiff Sleighter and the California Class)
18

19      80.     Plaintiffs re-allege each paragraph of this Complaint as though fully set forth

20   herein.

21      81.     During Plaintiff Sleighter's tenure as a Solutions Consultant, he and Class

22   Members worked in excess of eight (8) hours in a day, and/or in excess of forty (40) hours in a

23   week.

24      82.     During this time, Defendant intentionally and willfully failed to pay Plaintiff

25   Sleighter and the Class overtime premium pay for hours worked in excess of eight (8) hours in a

26   day, and/or in excess of forty (40) hours in a week.

27      83.     During this time, Plaintiff Sleighter and the Class did not qualify for an exemption

28   from overtime compensation.

CLASS, COLLECTIVE, AND REPRESENTATIVE
ACTION COMPLAINT
AND JURY TRIAL DEMAND

1    84.    Defendant's failure to pay Plaintiff Sleighter and the Class the unpaid balance of

2    overtime compensation violates the provisions of the California Labor Code §§ 510, 1194, 1198,

3    and IWC Wage Order Nos. 4-2001 and 7-2001.

4    85.    Due to Defendant's unlawful conduct, as set forth herein, Plaintiff Sleighter and

5    the Class sustained damages, including loss of earnings for hours of overtime worked.  Plaintiff

6    Sleighter and the Class are entitled to damages, including overtime wages in an amount to be

7    established at trial, prejudgment interest, costs, and attorneys' fees pursuant to statute and other

8    applicable law.

9
**FOURTH CAUSE OF ACTION**
**Failure To Furnish Accurate Wage Statements**
10
**Cal. Labor Code §§ 226, 226.3**
(On Behalf of Plaintiff Sleighter and the California Class)
11

12    86.    Plaintiffs re-allege each paragraph of this Complaint as though fully set forth

13    herein.

14    87.    Defendant knowingly and intentionally failed to provide Plaintiff Sleighter and the

15    Class with timely, accurate, and itemized wage statements, including inter alia, failing to provide

16    wage statements which set forth their total hours actually worked, net wages actually earned, and

17    overtime rates that reflected commissions earned, in violation of California Labor Code § 226.

18    Such failure injured Plaintiff Sleighter and the Class by, among other things, impeding them from

19    knowing the amount of wages they were and are owed.

20    88.    Plaintiff Sleighter and the Class are entitled to and seek injunctive relief requiring

21    Defendant to comply with California Labor Code § 226(a), and further seek the amount provided

22    under California Labor Code § 226(e), including the greater of all actual damages or fifty dollars

23    ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per

24    employee for each violation in a subsequent pay period, up to $4,000 per employee.  Pursuant to

25    California Labor Code § 226(g), Plaintiff Sleighter and the Class are entitled to injunctive relief

26    to ensure Defendant complies with California Labor Code § 226.

27    89.    As a direct and proximate result of Defendant's unlawful conduct, as alleged

28    herein, Plaintiff Sleighter and the Class have sustained economic damages in an amount to be

CLASS, COLLECTIVE, AND REPRESENTATIVE
ACTION COMPLAINT
AND JURY TRIAL DEMAND

1    established at trial, and are entitled to recover economic and statutory damages, penalties, interest,

2    costs, and reasonable attorneys' fees.

### FIFTH CAUSE OF ACTION
**Failure To Timely Pay All Wages Earned**
**Cal. Labor Code §§ 204, 210**
(On Behalf of Plaintiff Sleighter and the California Class)

6        90.    Plaintiffs re-allege each paragraph of this Complaint as though fully set forth

7    herein.

8        91.    California Labor Code § 204 requires biweekly payment of wages for all

9    employees except salaried executive, administrative, and professional employees covered by the

10   FLSA, whom it requires employers to pay at least once per month.

11       92.    California Labor Code § 210 makes any person subject to civil penalties for failing

12   to timely pay employees as required by California Labor Code § 204.

13       93.    Defendant failed to pay Plaintiff Sleighter and the Class all wages due and owing

14   twice during each calendar month on their regular paydays, in that Defendant did not pay Plaintiff

15   Sleighter and the Class for all overtime hours they worked.

16       94.    As a direct and proximate result of Defendant's unlawful conduct, as alleged

17   herein, Plaintiff and the Class are entitled to recover $100 for Defendant's initial violation, and

18   $200 for each subsequent violation, plus twenty-five percent of the amount of wages unlawfully

19   withheld, as well as interest, costs, and reasonable attorneys' fees.

### SIXTH CAUSE OF ACTION
**Waiting Time Penalties**
**Cal. Labor Code §§ 201, 202, & 203**
(On Behalf of Plaintiff Sleighter and the California Class)

23       95.    Plaintiffs re-allege each paragraph of this Complaint as though fully set forth

24   herein.

25       96.    California Labor Code sections 201 and 202 require employers to pay their

26   employees all wages due within the time specified by law.  California Labor Code section 203

27   provides that if an employer willfully fails to timely pay such wages, the employer must continue

CLASS, COLLECTIVE, AND REPRESENTATIVE
ACTION COMPLAINT
AND JURY TRIAL DEMAND

1   to pay the subject employees' wages until the back wages are paid in full or an action is

2   commenced, up to a maximum of thirty days of wages.

3       97.     Defendant failed to pay Plaintiff Sleighter and members of the Class all wages due

4   upon discharge or resignation within thirty days since their employment with Defendant ended.

5       98.     As a consequence of Defendant's willful conduct in not paying compensation for

6   all hours worked, Plaintiff Sleighter and members of the Class are entitled to thirty days' wages

7   under Labor Code section 203, together with interest thereon and attorney's fees and costs

8                           **SEVENTH CAUSE OF ACTION**
                    **Unlawful, Unfair, and/or Deceptive Business Practices,**
9                       **Cal. Bus. & Prof. Code §§ 17200, *et seq.***
                    (On Behalf of Plaintiff Sleighter and the California Class)
10

11      99.     Plaintiffs re-allege each paragraph of this Complaint as though fully set forth

12  herein.

13      100.    Defendant's failure to pay overtime wages, failure to furnish accurate wage

14  statements, and failure to timely pay all wages earned are unlawful under California law as

15  described herein.  Therefore, these business practices are also unlawful and prohibited by

16  California Business and Professions Code §§ 17200, et seq.

17      101.    California Labor Code § 90.5 provides that it is the public policy of California to

18  protect employees from working under unlawful conditions—and to protect employers who

19  comply with the law from those who attempt to gain a competitive advantage at the expense of

20  their workers.  The actions of Defendant in committing the wage and hour violations described

21  herein therefore constitute unfair, fraudulent, and/or deceptive business practices, within the

22  meaning of California Business and Professions Code §§ 17200, et seq.

23      102.    Plaintiff Sleighter, individually and on behalf of all others similarly situated, is

24  entitled to an injunction and/or other equitable relief against such unlawful practices in order to

25  prevent future loss, for which there is no adequate remedy at law, and to avoid a multiplicity of

26  lawsuits.  Plaintiff Sleighter and all others similarly situated s are entitled to full restitution and/or

27  disgorgement of all profits earned as a result of Defendant's business acts and practices.

28

CLASS, COLLECTIVE, AND REPRESENTATIVE
ACTION COMPLAINT
AND JURY TRIAL DEMAND

1    103.    The illegal conduct alleged is continuing, and there is no indication that Defendant

2    will discontinue such activity.  Plaintiff Sleighter alleges that if Defendant is not enjoined from

3    the conduct set forth in this Complaint, Defendant will continue to engage in the wage and hour

4    violations described herein.

5    104.    Defendant committed the unlawful actions herein despicably, maliciously,

6    fraudulently, and oppressively, with the wrongful intention of injuring Plaintiff Sleighter and the

7    Class, from an improper and evil motive amounting to oppression, fraud, and/or malice, and in

8    conscious disregard of the rights of Plaintiff Sleighter and the Class.  Plaintiff Sleighter and the

9    Class are therefore entitled to recover punitive damages from Defendant pursuant to California

10   Civil Code § 3294, in an amount to be proven at trial.

**EIGHTH CAUSE OF ACTION**
**Violation of the Private Attorneys General Act,**
**Cal. Labor Code §§ 2698,** *et seq.*
(On Behalf of Plaintiff Sleighter and the California Class)

14   105.    Plaintiffs re-allege each paragraph of this Complaint as though fully set forth

15   herein.

16   106.    The Private Attorneys General Act, Cal. Lab. Code §§ 2698, et seq., authorizes

17   Plaintiff Sleighter to recover civil penalties that otherwise would have been "assessed and

18   collected by the Labor and Workforce Development Agency" for violations of the Labor Code

19   through a "civil action brought by an aggrieved employee on behalf of himself or herself and

20   other current or former employees."  Cal. Lab. Code § 2699(a).

21   107.    Plaintiff Sleighter is an "aggrieved employee[s]" under PAGA, as he was

22   employed by Defendant during the applicable statutory period and suffered each of the wage and

23   hour violations alleged herein.  As such, Plaintiff Sleighter seeks to recover, on behalf of himself

24   and all other current and former aggrieved Solutions Consultants the civil penalties provided by

25   PAGA, plus reasonable attorneys' fees and costs.

26   108.    Plaintiff Sleighter seeks to recover the PAGA civil penalties through a

27   representative action as permitted by PAGA and the California Supreme Court in *Arias v.*

28

- 17 -

CLASS, COLLECTIVE, AND REPRESENTATIVE
ACTION COMPLAINT
AND JURY TRIAL DEMAND

1  *Superior Court* (2009) 46 Cal. 4th 969.  Therefore, class certification of the PAGA claims is not

2  required, but Plaintiff Sleighter may choose to seek certification of the PAGA claims.

3        109.   Plaintiff Sleighter has satisfied the requirements for bringing a civil action under

4  PAGA, as set forth in California Labor Code § 2699.3.

5        110.   Plaintiff Sleighter sent a notice to the California Labor and Workforce

6  Development Agency on August 31, 2022, indicating his intent to seek penalties under PAGA

7  due to Defendant's failure to pay employees for hours over eight (8) in a day and/or over forty

8  (40) in a week and to furnish them with accurate wage statements.

9        111.   Under PAGA, Plaintiff Sleighter and the State of California are entitled to recover

10  the maximum civil penalties permitted by law for the violations of the California Labor Code and

11  IWC Order Nos. 4-2001 and 7-2001 alleged herein.

12  **PRAYER FOR RELIEF**

13      WHEREFORE, Plaintiffs on behalf of themselves and all similarly situated persons

14  respectfully pray for relief as follows:

15          a.   Designation of this action as a collective action on behalf of the FLSA

16              Collective and prompt issuance of notice pursuant to 29 U.S.C. § 216(b);

17          b.   Certification of the Class for violations of the California Labor Code and

18              California Unfair Competition Law;

19          c.   Designation of Plaintiff Sleighter as a Class Representative and of the

20              undersigned Counsel as Class Counsel;

21          d.   Payment of unpaid overtime wages to Foreman and the FLSA Collective

22              Action Plaintiffs;

23          e.   Liquidated damages, penalties, restitution, and/or exemplary and punitive

24              damages to the fullest extent permitted under the law;

25          f.   Litigation costs, expenses, and attorney's fees to the fullest extent

26              permitted under the law;

27          g.   Restitution to the fullest extent permitted under law;

28          h.   Pre-judgment and/or post-judgment interest as provided by law; and

- 18 -

1          i.          Such other injunctive and equitable relief as the Court may deem just and

2                  proper.

3    Dated:   August 31, 2022          Respectfully submitted,

4                                      LIEFF CABRASER HEIMANN & BERNSTEIN, LLP

5

6                                      By: _____

7                                          Daniel M. Hutchinson (SBN 239458)
                                           LIEFF CABRASER HEIMANN &
                                           BERNSTEIN, LLP
8                                          275 Battery Street, 29th Floor
                                           San Francisco, CA  94111-3339
9                                          Telephone:  415.956.1000
                                           Facsimile:  415.956.1008
10                                         dhutchinson@lchb.com

11                                         Rachel Geman (*pro hac vice*)
                                           Jessica Moldovan (*pro hac vice*)
12                                         LIEFF CABRASER HEIMANN &
                                           BERNSTEIN, LLP
13                                         250 Hudson Street, 8th Floor
                                           New York, NY  10013-1413
14                                         Telephone:  212.355.9500
                                           Facsimile:  212.355.9592
15                                         rgeman@lchb.com
                                           jmoldovan@lchb.com
16
                                           Charles J. Stiegler (SBN 245973)
17                                         STIEGLER LAW FIRM LLC
                                           318 Harrison Ave., Suite 104
18                                         New Orleans, LA 70124
                                           Telephone:  504.267.0777
19                                         Facsimile:  504.513.3084
                                           charles@stieglerlawfirm.com
20
                                           Robert B. Landry III (*pro hac vice motion
21                                         forthcoming*)
                                           ROBERT B. LANDRY III, PLC
22                                         5420 Corporate Blvd., Suite 204
                                           Baton Rouge, LA 70808
23                                         Telephone:  225.349.7460
                                           Facsimile:  225.349.7466
24                                         rlandry@landryfirm.com

25                                         *Counsel for Plaintiffs and the Proposed FLSA
                                           Collective and Rule 23 Class*
26

27

28

                                                        CLASS, COLLECTIVE, AND REPRESENTATIVE
                         - 19 -                                        ACTION COMPLAINT
                                                                AND JURY TRIAL DEMAND