UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY P. FOREMAN, et al.,<br><br>      Plaintiffs,<br><br>    v.<br><br>APPLE, INC.,<br><br>      Defendant. | Case No. 22-cv-03902-VC<br><br>**ORDER COMPELLING ARBITRATION AS TO PLAINTIFF SLEIGHTER**<br><br>Re: Dkt. No. 32 |

      Connor Sleighter agreed to arbitrate "[a]ll disputes related in any manner to [his] employment relationship" with Apple. Dkt. No. 32-5 at 2. He now makes various arguments why he should not be compelled to arbitrate his wage claims. Those arguments are meritless.

      Sleighter's primary argument is that his arbitration agreement contained an opt-out provision, and that he is now opting out of it. His evidence for this provision is not any text in the agreement, or any contemporaneous document or statement, but rather testimony that an Apple executive gave to Congress three years later. The executive claimed that Apple began including an opt-out provision "starting in June 2016." Dkt. No. 35-2 at 15. Sleighter signed his arbitration agreement early in June 2016, but no such provision is to be found. Dkt. No. 32-5 at 4. Presumably Apple changed its standard arbitration agreement later in the month. Or perhaps the Apple executive's testimony was inaccurate or imprecise. What one cannot conclude from the testimony, though, is that Sleighter's agreement contained a secret opt-out provision. That idea is fantastical. The same goes for the argument that the agreement does not "exist" because it does not contain such a provision. Dkt. No. 35 at 10.

      Sleighter's backup argument is that the arbitration agreement is unconscionable. But this

theory reprises the absurd idea of an undisclosed opt-out provision. Sleighter says the unconscionability "derives primarily" from the absence of this "required" clause—which is to say his unconscionability argument is "primarily" fantasy. *Id.* at 13. In terms of substantive unconscionability, he states that the cost of arbitration would exceed the cost of filing a complaint in court. He never elaborates on this assertion, perhaps because it doesn't seem to be true. Instead, he turns to a provision that apportions arbitration fees "in accordance with applicable law." *Id.* It's hard to fathom how following applicable law could be substantive unconscionability.

Sleighter's claims are compelled to arbitration. Since there is no other named plaintiff for the class action claims, those claims are dismissed. The FLSA collective action will go forward on the schedule previously set. Dkt. No. 40. As this litigation continues, counsel for the plaintiffs must be mindful of their Rule 11 obligation not to make frivolous contentions.

**IT IS SO ORDERED.**

Dated: November 22, 2022

VINCE CHHABRIA
United States District Judge