Mia Farber (State Bar No. 131467)
Buck N. Haddix (State Bar No. 295334)
JACKSON LEWIS P.C.
725 South Figueroa Street, Suite 2500
Los Angeles, CA 90017
Telephone: (213) 689-0404
Facsimile: (213) 689-0430
Email: mia.farber@jacksonlewis.com
buck.haddix@jacksonlewis.com

Scott P. Jang (State Bar No. 260191)
JACKSON LEWIS P.C.
50 California Street, 9th Floor
San Francisco, CA 94111
Telephone: (415) 394-9400
Facsimile: (415) 394-9401
E-mail: scott.jang@jacksonlewis.com

Attorneys for Defendant
APPLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY P. FOREMAN, individually, and on behalf of all persons similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>APPLE, INC.,<br><br>Defendant. | Case No. 22-cv-03902 VC<br><br>**DEFENDANT APPLE INC.'S RESPONSE TO MOTION FOR SETTLEMENT APPROVAL (ECF No. 63)**<br><br>Date: September 14, 2023<br>Time: 1:00 p.m.<br>Courtroom: 4<br>Judge: Hon. Vince Chhabria |

## I. INTRODUCTION

Defendant Apple Inc. ("Defendant") maintains that the proposed settlement is, as a whole, fair, reasonable, and adequate and should be approved. However, Defendant contends that (1) any award of attorneys' fees should not exceed the Ninth Circuit's 25% benchmark for class and collective actions (*i.e.*, $125,000); and (2) any incentive award to Plaintiffs Anthony Foreman and Amy Pflughaupt (collectively, "Plaintiffs") should be reduced from the $5,000 requested amount in light of the fact that neither Plaintiff was required to execute a general release as part of the settlement. Any reductions in the requested attorneys' fees or incentive awards will not reduce the Gross Settlement Amount; rather, the amounts will remain available for the Net Settlement Amount for potential distribution to the Putative Fair Labor Standard Act ("FLSA") Collective.

## II. ARGUMENT

### 1. Any Award of Attorneys' Fees Should Not Exceed the Ninth Circuit's 25% Benchmark

"[C]ourts typically calculate 25% of [a proposed settlement] fund as the 'benchmark' for a reasonable fee award, providing adequate explanation in the record of any 'special circumstances' justifying a departure." *Jones v. GN Netcom, Inc. (In re Bluetooth Headset Prods. Liab. Litig.)*, 654 F.3d 935, 942 (9th Cir. 2011) (citations omitted). Factors that a court may consider when deciding whether to depart from the 25% benchmark include: (1) the results achieved; (2) the risk of litigation; (3) the skill required and the quality of work; (4) the contingent nature of the fee and the financial burden carried by the plaintiff; and (5) awards made in similar cases. *See Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1048-50 (9th Cir. 2002).

Defendant submits that "special circumstances" for departing from the 25% benchmark set by the Ninth Circuit do not exist here. *Jones*, 654 F.3d at 942. This action is a run-of-the-mill wage and hour dispute, in which Defendant holds strong defenses both with respect to collective certification and the merits. Moreover, to the extent that Plaintiffs offers a lodestar calculation as a cross-check on their requested attorneys' fees ($200,000), Plaintiffs have not provided the Court with sufficient detail regarding the claimed hours for the lodestar calculation to have significant meaning. *See Crump v. Hyatt Corp.*, No. 20-cv-00295-HSG, 2023 U.S. Dist. LEXIS 24936, at

2

*21-27 (N.D. Cal. Feb. 14, 2023) (declining to award requested attorneys' fees of 35% of the settlement fund where the party did not provide sufficient detail regarding the amounts claimed in the alleged lodestar calculation). Accordingly, Defendant maintains that any award of attorneys' fees should not exceed the Ninth Circuit's 25% "benchmark for a reasonable fee award," which in this case amounts to $125,000 ($500,000 x 0.25). *Jones*, 654 F.3d at 942.

**2. Any Incentive Award Should be Reduced in Light of the Fact that Plaintiffs Were Not Required to Execute General Releases**

A court must evaluate a named plaintiff's requested incentive award using relevant factors including "the actions the plaintiff has taken to protect the interests of the class, the degree to which the class has benefitted from those actions . . . [and] the amount of time and effort the plaintiff expended in pursuing the litigation." *Staton v. Boing Co.*, 327 F.3d 938, 977 (9th Cir. 2003). "Such awards are discretionary," *Rodriguez v. West Publishing Corp.*, 563 F.3d 948, 958-59 (9th Cir. 2009), and the Ninth Circuit has stressed that courts must "scrutiniz[e] all incentive awards to determine whether they destroy the adequacy of the class representatives." *Radcliffe v. Experian Info. Solutions*, 715 F.3d 1157, 1163 (9th Cir. 2013).

Here, neither Plaintiff was required to execute a general release as part of the settlement. As such, Defendant submits that Plaintiffs' request of $5,000 each for incentive awards should be reduced accordingly. *Cf. T.C. Jefferson v. Chase*, Case No. C06-6510 TEH, 2008 U.S. Dist. LEXIS 143939, at *19 (N.D. Cal. Nov. 18, 2008) (approving incentive award of $5,000 where the named plaintiff sat for deposition, responded to written discovery, *and provided a general release of all claims in connection with the settlement*).

**III. CONCLUSION**

For all the reasons set forth below, Defendant respectfully requests the Court approve the proposed settlement, with the exception that any award of attorneys' fees should not exceed the Ninth Circuit's 25% benchmark for class and collective actions (*i.e.*, $125,000); and (2) any incentive award to Plaintiffs should be reduced from the $5,000 requested amount in light of the fact that neither Plaintiff was required to execute a general release as part of the settlement. Again, any reductions in the requested attorneys' fees or incentive award will not reduce the

Gross Settlement Amount; rather, the amounts will remain available for the Net Settlement Amount for potential distribution to the Putative FLSA Collective.

Dated: August 29, 2023            JACKSON LEWIS P.C.

By:    */s/Scott P. Jang*
Mia Farber
Scott P. Jang
Buck N. Haddix
Attorneys for Defendant APPLE INC.

4872-4571-3530, v. 2