**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| Anthony Foreman, individually and on behalf of all persons similarly situated,<br><br>          Plaintiffs,<br><br>     v.<br><br>Apple, Inc,<br><br>          Defendant. | Case No. 3:22-cv-03902<br><br>**[PROPOSED] ORDER APPROVING AS MODIFIED FLSA COLLECTIVE ACTION SETTLEMENT**<br><br>Date:         September 14, 2023<br>Time:         1:30 p.m.<br>Courtroom: 4, Videoconference only<br>Judge:       Hon. Vince Chhabria |

1   On September 14, 2023, a hearing was held on the motion of Plaintiff Anthony Foreman
2   for Approval of FLSA Collective Action Settlement.  Daniel M. Hutchinson of Lieff, Cabraser,
3   Heimann & Bernstein, LLP, and Charles J. Stiegler of the Stiegler Law Firm appeared for
4   Plaintiffs.  Mia Farber and Scott P. Jang of Jackson Lewis P.C appeared for Defendant Apple Inc.
5   Having considered the papers on the motion, the arguments of counsel, and the law, the
6   Court now enters this Settlement Approval Order and FINDS, CONCLUDES, and ORDERS as
7   follows:[1]

## I.   NATURE OF ACTION

Plaintiffs allege that Apple failed to include all statutorily required forms of compensation—including commissions earned by Opt-Ins—in determining the regular rate for purposes of calculating overtime pay. Plaintiffs also allege that Apple failed to pay Opt-Ins for all hours worked, most notably unpaid travel time.

Apple denies each of the allegations in the First Amended Complaint and denies that any Plaintiff or Opt-In is entitled to recovery.  Apple denies that this action may be properly maintained as a collective action under the FLSA. Both parties have agreed that the litigation risks weigh in favor of settlement.

## II.   JURISDICTION

This Court has jurisdiction over the subject matter of this litigation and all federal claims raised in this action and/or released in the Settlement, and personal jurisdiction over Apple and all Opt-Ins.  Specifically, this Court has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331; 29 U.S.C. § 216(b) (the Fair Labor Standards Act or "FLSA"); 28 U.S.C. § 1337 (actions arising under Acts of Congress regulating commerce).

This Court also has jurisdiction to approve the Settlement's release of claims by Opt-Ins over which the Court has jurisdiction, even if the Court would not independently have jurisdiction over those released claims. *See Cottle v. Plaid Inc.*, 340 F.R.D. 356, 380 (N.D. Cal. 2021) (the "Ninth Circuit allows federal courts to release not only those claims alleged in the complaint, but

---

[1] Except as otherwise specified herein, the Court for purposes of this Settlement Approval Order adopts all defined terms set forth in the Settlement.

1   also claims based on the identical factual predicate as that underlying the claims in the settled

2   class action") (internal quotation marks omitted); *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442

3   F.3d 741, 748 (9th Cir. 2006) (stating that Ninth Circuit courts can release claims beyond those in

4   the complaint, including those "based on the identical factual predicate as that underlying the

5   claims" and "factually related claims against parties not named as defendants").

### III.  APPROVAL OF SETTLEMENT

The Court has reviewed the terms of the Settlement, including the $500,000 Settlement amount, the plan of allocation, and the release of claims. The Court has also read and considered Plaintiffs' Motion for Collective Action Settlement Approval and its supporting memoranda and evidence, including the declarations of Daniel M. Hutchinson, Charles Stiegler and Robert B. Landry in support of Settlement Approval. Based on review of those papers, and the Court's familiarity with this case, the Court finds and concludes that the Settlement is the result of arms-length negotiations between the Parties, conducted under the supervision of an experienced, independent mediator, after Plaintiffs' Counsel had adequately investigated Plaintiffs' and the Opt-Ins' claims and become familiar with their strengths and weaknesses. The framework used for the settlement process confirms that the Settlement is non-collusive.

The Court finds and determines that the payments to be made to the Opt-Ins as provided for in the Settlement are fair and reasonable. The proposed plan of allocation is rationally related to the relative strengths of the respective claims asserted.

The Settlement is not a concession or admission, and shall not be used or construed against Apple as an admission or indication with respect to any claim of any fault or omission by Apple.

### IV.  APPROVAL OF THE NOTICE PROGRAM

Plaintiffs have also submitted for this Court's approval a proposed Notice of Settlement and Claim Form (submitted as Exhibit A to the Settlement).

The Notice is the best notice practicable under the circumstances. The Notice fairly, plainly, accurately, and reasonably informs Opt-Ins of (1) appropriate information about the nature of this action, the identities of the Opt-Ins, the definitions of the relevant job title and time

1  period, the identity of Plaintiffs' Counsel, and the essential terms of the Settlement, including the

2  plan of allocation; (2) appropriate information about the amounts being allocated to Plaintiffs as

3  Service Payments and to Plaintiffs' Counsel's as attorneys' fees and costs; and (3) appropriate

4  instructions as to how to obtain additional information regarding this action and the Settlement.

5        The proposed plan for distributing the Notice likewise is a reasonable method calculated

6  to reach all individuals who would be bound by the Settlement.  Under this plan, the Settlement

7  Administrator will distribute the Notice to all Opt-Ins by email and first-class mail to their last

8  known addresses.  Opt-Ins will have the option to receive their payment via mailed check or

9  electronic payment.  There is no additional method of distribution that would be reasonably likely

10 to notify Opt-Ins who may not receive notice pursuant to the proposed distribution plan.  In

11 addition, the Settlement Administrator will take reasonable steps to locate Opt-Ins who do not

12 promptly cash their Settlement Share checks.

13       The Settlement Administrator shall post a copy of this Order and the Settlement

14 Agreement on the website referred to in the Notice.

15       Accordingly, the Court finds and concludes that the proposed plan for distributing the

16 Notice will provide the best notice practicable and satisfies all legal and due process

17 requirements.

18 **V.     PLAINTIFFS' AND OPT-INS' RELEASE OF CLAIMS**

19       The Court has reviewed the release in section 3 of the Settlement and finds it to be fair,

20 reasonable, and enforceable under the FLSA and all other applicable law.  Plaintiffs and every

21 Opt-In shall, pursuant to the Settlement, be bound by the release of claims as set forth in the

22 Settlement, regardless of whether a Plaintiff or Opt-in cashes or deposits his or her settlement

23 check or opts for electronic payment.

24 **VI.    APPOINTMENT OF SETTLEMENT ADMINISTRATOR**

25       Simpluris is hereby appointed Settlement Administrator to carry out the duties set forth in

26 this Preliminary Approval Order and the Settlement.

27 **VII.   SERVICE PAYMENTS TO THE NAMED PLAINTIFFS**

28       The Court approves the service payments to Plaintiff Foreman and Plaintiff Pflughaupt as

set forth under the Settlement. The Court finds and determines that the awards of $5,000, and $5,000 to Plaintiffs Foreman and Pflughaupt, respectively, are fair and reasonable. The Plaintiffs have taken significant actions to protect the interests of the Opt-Ins, and the Opt-Ins have benefited considerably from those actions. Furthermore, the Plaintiffs have expended considerable time and effort in pursuing the litigation. Plaintiffs' Counsel attest that Plaintiffs were substantially involved throughout the litigation, educating Plaintiffs' Counsel on Opt-Ins' job duties and Apple's policies and procedures. Plaintiffs provided information regarding their Apple work experiences, which contributed to the Settlement. Plaintiffs produced numerous documents to satisfy Apple's requests. Also, Plaintiffs' depositions were taken by Defendant.

### VIII.  PLAINTIFFS' COUNSEL'S AWARD OF FEES AND COSTS

The Court finds and determines that the payment of $200,000 in attorneys' fees (or 40 % of the fund) and $33,942.30 in litigation costs and expenses, for a total payment of $233,942.30 to Plaintiffs' Counsel, is fair and reasonable, particularly in light of Plaintiffs' Counsel's reported lodestar of at least $425,796.00. *See, e.g.*, *Kerzich v. Cnty. of Tuolumne*, 335 F. Supp. 3d 1179, 1185 (E.D. Cal. 2018); *Adoma v. Univ. of Phoenix, Inc.,* 913 F. Supp. 2d 964, 981-984 (E.D. Cal. 2012); *Andrade v. Arby's Rest. Grp., Inc.,* 225 F. Supp. 3d 1115, 1143-1147 (N.D. Cal. 2016).

### IX.  ATTORNEY FEE AWARD HOLDBACK

Ten percent (10%) of the attorney fee award will be held back pending the filing of a Post-Distribution Accounting by Plaintiffs' Counsel.

The Post-Distribution Accounting should explain in detail when payments were made to collective members, the number of members who were sent payments, the total amount of money paid out to members, the average and median recovery per collective member, the largest and smallest amounts paid to collective members, the number and value of cashed and uncashed checks, the number of members who could not be contacted (if any), any significant or recurring concerns communicated by members to the settlement administrator and counsel since final approval, any other issues in settlement administration since final approval, and how any concerns or issues were resolved.

Plaintiffs' Counsel are expected to diligently supervise the administration of the

settlement and remain in close contact with the settlement administrator. With the Post-Distribution Accounting, Plaintiffs' Counsel should submit a proposed order releasing the remainder of the fees.

## X.   ENFORCEMENT OF OBLIGATIONS

Nothing in this Settlement Approval Order will preclude any action to enforce the Parties' obligations under the Settlement or under this order, including the requirement that Apple makes the Settlement Payments in accordance with the terms of the Settlement.

## XI.   ORDER VACATED IF SETTLEMENT IS REVERSED OR MATERIALLY MODIFIED

If, for any reason, the Settlement is reversed or materially modified on appeal (as defined in the Settlement, section X), this Settlement Approval Order will be vacated; the Parties will return to their respective positions in this action as those positions existed immediately before the parties executed the Settlement; and nothing stated in the Settlement or any other papers filed with this Court in connection with the Settlement will be deemed an admission of any kind by any of the Parties or used as evidence against, or over the objection of, any of the Parties for any purpose in this action or in any other action.

## XII.   FINAL JUDGMENT

By means of this Settlement Approval Order, this Court hereby enters final judgment in this action, as defined in Federal Rule of Procedure 58(a)(1).

The Parties are hereby ordered to comply with the terms of the Settlement.

This action is dismissed with prejudice, each side to bear its own costs and attorneys' fees except as provided by the Settlement and the Court's orders.

## XIII.   CONTINUING JURISDICTION

Without affecting the finality of the Court's judgment in any way, the Court retains jurisdiction over this matter for purposes of resolving issues relating to interpretation, administration, implementation, effectuation and enforcement of the Settlement.

## XIV.   SETTLEMENT APPROVAL

Based on all of these findings and the applicable legal standards, the Court concludes that

1  the proposed Settlement meets the criteria for settlement approval, and Orders the Parties to

2  distribute the payments required under the Settlement.

3      IT IS SO ORDERED.

5      Dated: ~~September __, 2023~~
6            October 3, 2023                           The Honorable Vince Chhabria
                                                  United States District Judge